# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 0341 | **DATE** | 4/6/2004 |
| **CASE TITLE** | Illinois Blower, Inc. vs. Deltak, L.L.C.[6-1] | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendants' Motion to Transfer Venue

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth in the attached memorandum opinion and order, Defendant's motion to transfer venue to the District of Minnesota [6-1] is GRANTED.

(11) ■ [For further detail see order attached to the original minute order.]

| ✓ | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | APR - 7 2004 | |
| | Notified counsel by telephone. | | date docketed | 14 |
| | Docketing to mail notices. | | 15 | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| slf (lc) | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ILLINOIS BLOWER, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 04 C 0341 |
| v. | ) |
| | ) HONORABLE DAVID H. COAR |
| DELTAK, L.L.C. | ) |
| | ) |
| | ) |
| Defendant. | ) |

APR - 7 2004

## MEMORANDUM OPINION AND ORDER

Before this court is Deltak's L.L.C.'s ("Deltak" or "Defendant") motion to transfer venue to the District Court of Minnesota pursuant to 28 U.S.C. §1404 ("§ 1404(a)") For the reasons set forth below, Deltak's motion to transfer venue is GRANTED.

### I. FACTUAL AND PROCEDURAL HISTORY

Plaintiff, Illinois Blower, Inc. ("IBI") is an Illinois corporation with its principal place of business in Cary, Illinois. (Pl. Comp. ¶ 2). IBI markets and sells industrial equipment, including ventilation fans and exhaust blowers. Id. Deltak is a Delaware limited liability company with its principal place of business in Plymouth, Minnesota. (Pl. Comp. ¶ 3). Deltak manufactures and sells heat recovery steam generators ("HRSGs"), equipment that is used to make use of waste heat generated by industrial activities, such as electric power generation. (See Deltak's Memo. in Support of Motion to Transfer Venue, p. 1).

-1-

In early 2000, Deltak requested that IBI provide specialized fans to be used at some of Deltak's construction projects. (Pl. Comp. ¶ 6). Consequently, Deltak issued numerous purchase orders, which were filled by IBI. Id. After designing and manufacturing the fans according to Deltak's specifications, IBI delivered them to the Deltak project sites. (Pl. Comp. ¶ 7). Deltak contends it received complaints from its customers regarding work quality, and some of those complaints related to the IBI fans. (Pl. Comp. ¶ 8). IBI agreed to assist Deltak in resolving the problems that arose at its project sites. Id. To resolve those problems, IBI negotiated a Fan Repair Agreement ("Agreement") with Deltak. (Pl. Comp. ¶ 9). Under the Agreement, Deltak agreed to pay and contends that it did pay IBI certain sums and agreed to be responsible for the costs of certain replacement materials. (See Zack Aff.). Deltak contends that IBI promised that it would design a complete and satisfactory solution to the fan problems, and assume financial responsibility for work associated with the problem. (See Fan Repair Agreement).[1] IBI contends that it did provide Deltak with quality fans, parts and services, yet never received compensation for theses services. (Pl. Comp. ¶¶ 10, 11). On December 15, 2003, Deltak sent a letter to IBI regarding the invoices and IBI's purported breach of the Agreement. (Zack Aff.). On December 17, 2003, IBI responded to Deltak by letter, demanding immediate payment of all allegedly outstanding invoices. (Zack Aff.; see also Hall Aff. ; Def. Ex. 2).

Each letter was responded to with subsequent legal action. On January 13, 2004, Deltak served a summons and complaint upon IBI, claiming breach of the Fan Repair Agreement and

---

[1] The Fan Repair Agreement contains a choice of law and forum selection clause which states that "[t]his Agreement shall be governed by the laws of the State of Minnesota. Venue for any disputes arising hereunder, at Deltak's option, may be the Courts of the State of Minnesota." (See Fan Repair Agreement).

breach of warranty, and seeking a declaration of the Parties' rights under the Agreement and purchase orders issued by Deltak. (See Hall Aff.; Def. Exs. 3 and 4). On January 16, 2004, IBI filed the action currently before this Court in the Northern District of Illinois. On January 24, 2004, IBI amended its Complaint in this Court pursuant to Fed.R.Civ.P.15(a). Subsequently, Deltak's summons and complaint were filed in Minnesota State Court, Hennepin County District, on January 28, 2004. (See Hall Aff.; Def. Ex. 5). On February 11, 2004, IBI removed the case to the United States District Court for the District of Minnesota. (See Hall Aff.; Ex. 7). IBI answered Deltak's complaint on February 17, 2004. (See Hall Aff.; Ex. 9).

## II. ANALYSIS

IBI and Deltak do not dispute that the claims, parties and relief sought in their respective suits do not differ in any material respect. However, the Parties do dispute whether the Minnesota action or the Illinois action should be considered "first filed", which is a significant factor in determining where this cause of action should proceed. Additionally, the Parties dispute whether this cause of action should be transferred pursuant to § 1404(a). Therefore, this Court will address: (1) which action was "first filed"; and (2) whether the Illinois action should be transferred to the District of Minnesota pursuant to § 1404(a).

### *A. Which Action Was "First Filed"?*

It is undisputed that Deltak perfected service on Plaintiff in Minnesota State Court prior to IBI filing its Complaint in the Northern District of Illinois. However, IBI filed its Complaint in the Northern District of Illinois before Deltak filed its Complaint in Minnesota State Court.

Therefore, the Court must determine, according to Eighth Circuit standards, whether a suit is filed after service is perfected, although no Complaint was filed before that service.[2]

"In cases of concurrent jurisdiction, the first court in which jurisdiction attaches has priority to consider the case as a matter of federal comity." Keymer v. Management Recruiters, Int'l Inc., 169 F.3d 501, 503 n.2 (8th Cir. 1999) (citing Northwest Airlines, Inc. v. American Airlines, Inc., 989 F.2d 1002, 1004-05 (8th Cir. 1993)). The "first filed rule" gives priority "to the party who first establishes jurisdiction" in order to conserve judicial resources and avoid conflicting rulings. Id.

There has been a dispute among the District Courts of the Eighth Circuits as to what actions "establish jurisdiction" for purposes of the first filed rule. Though authority exists for both positions, most courts consider the act of filing, rather than service, as determinative under the first filed rule. Federal Cartridge Company v. Remington Arms Company, No. Civ. 03-6105, 2003 WL 23101805 at *2. (citing Hospah Coal Co. v. Chaco Energy Co., 673 F.2d 1161, 1163 (10th Cir. 1982) (use of date of filing of the complaint gives effect to Rule 3 of Federal Rules of Civil Procedure); Slidell, Inc. v. Archer Daniels Midland Co., No. 02-4841, 2003 WL 22050776, at * 5 (D. Minn. Sept. 2, 2003) (holding same). But see Red Wing Shoe Co. v. B-JAYS USA, Inc., No. Civ. 02-257, 2002 WL 1398538 at *2 (using service date as priority criterion).; see also R.K. Dixon v. Dealer Marketing Services, 284 F.Supp.2d 1204, 1215 n.14 (S. D. Iowa 2003) (citing Med-Tec Iowa, Inc. v. Nomos Corp., 76 F.Supp.2d 962, 968 n.3 (N.D. Iowa 1999) for the

---

[2] Pursuant to Minn.R.Civ.P. 3.01, a civil action is commenced against a defendant when the summons is served upon the defendant. Pursuant to Minn.R.Civ.P. 5.04, the summons and complaint are required to be filed within a reasonable time after service upon defendant(s).

proposition that "the first court in which jurisdiction attaches means the first court in which a civil action is properly commenced."). While the Eighth Circuit has not directly addressed the issue of when jurisdiction first attaches, it has referenced filing dates, as opposed to dates of service, when addressing the first-filed rule. Federal Cartridge Company, 2003 WL 2310180 at *2 (citing Northwest, 989 F.2d at 1005 ; Anheuser-Busch, Inc. v. Supreme Int'l Corp., 167 F.3d 417, 418-19. (8th Cir. 1999). Though a close case, the majority of Eighth Circuit precedent dictates that jurisdiction does not attach until a complaint is actually filed, even if service was perfected prior to the filing of that complaint. Therefore, because IBI's Complaint was filed prior to Deltak's Complaint, IBI's was the first filed.

While the first-filed complaint is significant, the rule "is not intended to be rigid, mechanical, or inflexible." Orthmann v. Apple River Campground, 765 F.2d 119, 121 (8th Cir. 1985). In fact, the Seventh Circuit does not rigidly adhere to the first-filed rule. Trippe Mfg. Co. v. American Power Conversion Corp., 46 F.3d 624, 629 (7th Cir. 1995). The Court may allow second-filed actions to proceed where it is favored by the interests of justice. Tempco Elec. Heater Corp. v. Omega Eng'g, Inc., 819 F.2d 746, 749-50 (7th Cir. 1987). Additionally, courts disfavor a first-filed suit if that suit is an improper anticipatory filing. "A suit for declaratory judgment aimed solely at wresting the choice of forum from the 'natural' plaintiff will normally be dismissed and the case allowed to proceed in the usual way." Allendale Mut. Ins. Co. v. Bull Data Systems, Inc., 10 F.3d 425, 431 (7th Cir. 1993) (citing Tempco, 819 F.2d at 747)). However, the Parties' submissions indicate that both IBI and Deltak may potentially have cognizable claims against the other; consequently, neither suit can be characterized as an improper anticipatory filing. Therefore, the Court will determine if any of the considerations of

§ 1404(a) mandate a transfer of this case to the District of Minnesota, even though IBI's Complaint was "first filed."

### *B. Motion To Transfer Venue*

Pursuant to § 1404 (a), a court may transfer a civil action, "for the convenience of the parties and witnesses, in the interest of justice." Transfer under § 1404 (a) is appropriate if: (1) venue is proper in both the transferor and transferee court; (2) transfer is for the convenience of parties and witnesses; and (3) transfer is in the interests of justice. Barnes v. Rollins Carriage Services, Inc., 976 F.Supp. 767, 768 (N.D. Ill. 1997). Whether a transfer is appropriate under § 1404(a) is left to the sound discretion of the trial court. Bryant v. ITT Corp., 48 F.Supp.2d 829, 832 (N.D. Ill. 1999) (citing Heller Fin., Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1293 (7th Cir. 1989)); Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219 (7th Cir. 1986)). Deltak, the moving party, has the burden of showing that "the transferee forum is clearly more convenient." Coffey, 796 F.2d at 219-20. Deltak and IBI do not dispute that venue is proper in both this Court and the District of Minnesota. Therefore, this Court will address whether transfer is for the convenience of the parties and witnesses, and in the interests of justice.

Courts consider four factors in determining whether transfer is convenient for the parties and witnesses: (1) the plaintiff's choice of forum; (2) the site of material events; (3) the availability of evidence in each forum; and (4) the convenience of the parties litigating in the respective forums. Barnes, 976 F. Supp. at 768. The second, third and fourth factors are relatively balanced between the parties, and weigh neither for nor against either IBI or Deltak. However, the first factor is significant to IBI. IBI's choice of forum is Illinois, which is also its home forum. In general, a party's choice of forum is given substantial deference, particularly if

that choice is also the plaintiff's home forum. Central States, Southeast and Southwest Area Pension Fund v. Salasnek Fisheries, Inc., 977 F.Supp. 888, 890 (N.D. Ill. 1997). Therefore, IBI's choice of forum will be given substantial deference.

### 1. Does Transfer Serve the Interests of Justice?

Whether a transfer under § 1404(a) will serve the interests of justice "embraces traditional notions of judicial economy rather than the private interests of the litigants and their witnesses." Bryant, 48 F.Supp. 2d at 834 (quoting TIG Ins. Co. v. Brightly Galvanized Prod., Inc., 911 F. Supp. 344, 346 (N.D. Ill. 1996)). The court makes several considerations, including whether litigants are more likely to receive a speedy trial in one district or the other, if the litigation is related to other litigation in either forum, and in a diversity action, having a federal judge try the case who is familiar with the applicable law. Coffey, 796 F.2d at 221. The interests of justice "may be determinative in a particular case, even if the convenience of the parties and witnesses might call for a different result." Id. at 220. Most significant is the final factor, having a judge try the case who is familiar with the applicable law. The contract between the Parties expressly provides that all disputes are to be resolved according to Minnesota law. While this Court is able to address disputes that arise under the laws of other states, the fact remains that a Minnesota District Court, who must deal with Minnesota law with a significantly greater frequency than this Court, has the opportunity to hear the Parties' dispute. Therefore, this weighs in favor of transfer to the District of Minnesota.

### 2. Relevance of Forum Selection Clause

A forum selection clause in a contract does not mandate a transfer of venue. Newell Co. v. Lee, 950 F.Supp.864 (N.D. Ill. 1997) (citing Heller & Co. v. Godbe Co., 601 F.Supp. 319, 321, n. 2 (N.D. Ill. 1984)). A court should consider a forum selection clause as one of many factors to consider in deciding a motion to transfer venue. Id. (citing G.H. Miller & Co. v. Hanes, 566 F.Supp. 305, 307 (N.D. Ill. 1983)). However, § 1404(a) may not be used to circumvent a valid forum selection clause. Id. (citing Northwestern Nat. Ins. Co. v. Donovan, 916 F.2d 372, 378 (7th Cir. 1990)). "The forum-selection clause...should receive neither dispositive consideration...nor no consideration." Stewart v. Rioch, 487 U.S. 22, 31 (1988). The forum selection clause at issue in this case provides: [t]his Agreement shall be governed by the laws of the State of Minnesota. Venue for any disputes arising hereunder, at Deltak's option, may be the Courts of the State of Minnesota." (See Fan Repair Agreement). In this particular circumstance, it is significant that the Fan Repair Agreement, which is at the heart of the Parties' dispute, elects Minnesota as the appropriate forum. Consequently, the fact that the Parties' forum selection clause elects Minnesota as the chosen forum for any disputes weighs in favor of transfer.

After a consideration of all factors, the balance tips in favor of transfer to the District of Minnesota. Though IBI was technically the first to file its Complaint, the split in the Eighth Circuit concerning when jurisdiction attaches makes this fact less significant. Further, IBI's selection of Illinois as the forum for suit has less significance in context of the Parties' forum selection clause. Additionally, the forum selection clause electing Minnesota, as well as the fact that Minnesota law governs the Parties' suits, makes it a more appropriate forum for

adjudicating the Parties' disputes. Therefore, this Court will transfer this cause of action to the District of Minnesota, and allow that court to consolidate IBI's cause of action with Deltak's cause of action filed there.

## III. CONCLUSION

For the foregoing reasons, Deltak's motion to transfer venue to the Minnesota District Court is GRANTED.

Enter:

*David H. Coar*
David H. Coar
United States District Judge

Dated: **April 6, 2004**